UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHAD HENRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-00189-TWP-MPB ) |
| STAFF MEMBERS OF PENDLETON CORR FACILITY, | ) ) ) |
| Defendant. | ) ) |

**Entry Screening Complaint and Directing Further Proceedings**

**I. Screening Standard**

The plaintiff is a prisoner currently incarcerated at Pendleton Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Chad Henry has sued "staff members of Pendleton Corr. Facility." Dkt 1 at 1. Henry explains that he was in administrative segregation for 23 hours a day. On February 16th at 10:30 p.m. an officer moved Henry to a shower and placed another inmate in Henry's cell. The other inmate then hid under a desk and attacked Henry when Henry was returned to his cell. During the attack, Henry was sprayed with two cans of "Level 3 Bear Spray Repellent" by defendants. When Henry was taken to medical, Officer Ross slammed his head four times into walls and doors. Officer Ross allegedly took these actions to punish Henry for his past litigation.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

The claims in this action are necessarily brought pursuant to 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (*citing Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

The claims against staff members of Pendleton Correctional Facility must be dismissed because a group of people is not a "person" subject to suit under § 1983. A defendant can only be liable for the actions or omissions in which he personally participated. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015). Individual staff members must be named so that they can be served with process as required by Rule 4 of the Federal Rules of Civil Procedure and so that their individual liability can be determined.

The claims that shall proceed are against Officer Ross. The allegations against this individual defendant are sufficient to state an Eighth Amendment excessive force claim and a First Amendment retaliation claim. This summary of remaining claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 25, 2019,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed** to update the docket to reflect that Officer Ross is a defendant in this action. The **clerk shall** terminate "staff members of Pendleton Corr. Facility" as a defendant on the docket.

The **clerk is further directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Officer Ross in the manner specified by Rule 4(d). Process shall consist of the complaint filed on January 18, 2019, (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed** to serve the Indiana Department of Correction employee electronically.

**IT IS SO ORDERED.**

Date: 3/4/2019

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHAD HENRY
141870
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to:

Officer Ross at Pendleton Correctional Facility